United States Courts
Southern District of Texas
FILED

JUL 2 0 2004

Michael N. Milby, Clerk

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

### United States District Court

| | | |
|---|---|---|
| **United States District Court** | District<br>Southern District of Texas | |
| Name of Movant<br>Rosa Idalia Trevino | Prisoner No. | Case No.<br>1:02CR00520-003 |
| Place of Confinement<br>5701 8th St Camp Parks Dublin, Ca. 94568 | | |

MISCELLANEOUS

B-04-23

UNITED STATES OF AMERICA      v.  Rosa Idalia Trevino
(name under which convicted)

## MOTION

B-04- 129

1. Name and location of court which entered the judgment of conviction under attack _____ Southern District of Texas

2. Date of judgment of conviction  March 26, 2003

3. Length of sentence  47 months

4. Nature of offense involved (all counts)  21 U.S.C. 846 841. (a)(1)

   Conspiracy to Possess with Intent to Distribute a Quantity Exceeding 500 grams of cocaine, A Schedule II Controlled Substance

5. What was your plea? (Check one)
   (a) Not guilty        ☐
   (b) Guilty            ☐
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury            ☐
   (b) Judge only      ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

    (a) Name of court _____

    (b) Result _____

    (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised_____

        _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

        (5) Result_____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised_____

        _____

        _____

        _____

        _____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☐
(2) Second petition, etc.   Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

I din't appeal do to the fact that my counsel never explain to me
of my rights to appeal he always told me that there was nothing to appeal
and by not knowing the rules and regulations and the language I was
deprived from my constitutional rights.

12. State *concisely every ground* on which you claim that you are being held in violation of the constitution, laws or treaties of the **United States**. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating **additional** grounds and facts supporting same.

CAUTION: If you **fail** to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: ____INEFFECTIVE ASSISTANCE OF COUNSEL____

Supporting FACTS (state *briefly* without citing cases or law) ____SEE EXIBIT "A"____

B. Ground two: ____VIOLATION OF RULE 11____

Supporting FACTS (state *briefly* without citing cases or law): ____SEE EXIBIT "A"____

C. Ground three: ____Violation of Rule 32____

Supporting FACTS (state *briefly* without citing cases or law): ____SEE EXIBIT "A"____

(5)

D.  Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

_____

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(date)

*Rosa Idalia Treviño*
Signature of Movant

ROSA IDALIA TRIVINO

 **BASIC LEGAL RESEARCH** 

## UNITED STATES COURT OF APPEALS
## FOR THE _____TEXAS_____ CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Appellee, | )<br>)<br>) | Case No.:<br>Appellate No.: |
| vs. | )<br>) | NOTICE OF MOTION FOR<br>APPOINTMENT OF NEW COUNSEL |
| ROSA IDALIA TREVINO____,<br>Appellant | )<br>)<br>)<br>) | |

**NOW COMES,** ROSA IDALIA TREVINO___, in Pro Se, hereby moves this Honorable Court for a New Appointment of Counsel, in his 2255 MOTION_____, on the non-frivolous grounds, but not limited to the following:

1. INEFFECTIVE ASSISTANCE OF COUNSEL

2. VIOLATION OF RULE 11, 32

Petitioner hereby moves this Court on this date, or as soon thereafter as Petitioner can be heard on the meritorious issues stated above.

Dated this _____12_____ day of ____July_____, 200_4___.


_Rosa Idalia Trevino_

Name:ROSA IDALIA TREVINO
Number: _____
                Unit _____

121

NOW COMES MOVANT Alma Idalia Trevino Requesting this Honorable Judge to accept this 2255 Motion and give movant the opportunity to be heard.

Movant Rosa Idalia Trevino was sentence on March 26, 2003 she had a Counsel by the name Annabell Alaniz Alegria. From beginning to end there was a conflict movant Trevino keep asking her counsel that she did not agree to the quantity of the drug that the government and the prosecutore were basing her offense level.

Also Counsel never explain Trevino the Consequences of her signing the Plea Agrement she never discuse with movant that all her consitutional rights were given away by the moment she sign her Plea Agreement.

and even do she said yes to everything at the Court Hearing she was induce by her counsel to answer everythin yes do to the fact that movant doesn't understand or speaks English from beginning to end there was a conflict of interest.

As stated in Henderson v Morgan (1976) dealt with the voluntariness requirement that the defendant be aware of the "true" nature of the charge against her" Henderson did not go so far as to require that the  judge inform the defendant of the major elements of the offense charge. In the instante case movant didnt know what was the consequences of her signing the plea agreement.

Movant feels that all her Constitution rights were violated by not know the Law of the United States and by not signing her plea agreement voluntary and knowingly

For all this reasons movant Request this Honorable Court to accept her 2255 motion and give movant the opportunity to be heard and find the true.

NOW COMES MOVANT   <u>TREVINO</u>        Requesting this Honorable court to reduce her

sentence based in the grounds that there was a ineffective assistant of Counsel.

Movant feels that her rights were violated do to the fact that movant was ignorant

to the Law of the United States even do she had a counsel her constitutional rights

were violated becuase Counsel was so ineffective to the extreme that he never show

movant her Presentence Report.

The New Section also provides tht the court<u> shall </u>assure that a report filed

pursuant to this section is disclosed ot the defendant, Counsel for the defendant and

the attorney for the government at least ten days prior to sentencing unless the minimum

time is waived, by the defendant.  Her Counsel violated movant's right he never gave

or show movant the Presentence Report he never explain to movant the consequences and

accusations that the Probation Officer was using on her Presentence Report.

Fed.R. Crim P 32 also contains some amendments that were effective in November 1987

the significant chnages provide.

1. Upon a motion that´is filed by the defendant and the attorney for the government

the Court may hear in camara a statement by the defendant Counsel for the defendant or

the attorney for the government . Fed R. Crim P. 32 (a)(1) (c).

Movant feels that Rule 32 was violated do to the ineffective assistant of Counsel

he never show movant the Presentence Report Counsel never rebutle the Presentence

Report only thing Counsel was telling to movant is not to worry that she was not going

to do jail time.  Counsel never produce any evidence from the government Counsel was

so ineffective to the extend that he never negotiate movant's case.

Fed R. Crim. P 32 (c)(3)(A) permits the defendant or his Counsel to comment on the

report "At the discretion of the Court to introduce testimony or other information

relating to any alleged factual inaccuracy contained in the Presentence Report See

United States v Donn 661 F.2d 820 (9th Cir 1981) United States v Weston 448 f.2d

(9th Cir 1971).

NOW COMES MOVANT TREVINO _____ Requesting this Honorable Court to Accept this

2255 Motion to reduce her sentence do to the fact that all her "Constitutional"

rights were violated.

Movant feels that her Eight Amendment proscription of "Cruel and Unusual Punishment"

requires that a criminal sentence be proportionate to the crime for which the defendan

has been convicted Solem v Helm 463 U.S. 277 (1983).

Movant feels that __47__ months is a cruel and unusual punishment for a first

time offender that no evidence was ever presented at the sentencing hiering Counsel

never explain movant or show movant any material evidence, never explain to movant

why she was getting all those months, never rebutle to the government in benefit of

the movant.

The Sentencing reform provisions contained in the comprehensive crime control act

of (1984) maintains 18 U.S.C 3577 renumbering it as 18 U.S.C 3661 that section assures

that no limitation will be placed on the information, will be placed on the information

which a Court may receive and consider for the purpose of imposing an appropriate

sentence,  In addition to carrying forward this section the sentencing reform act

(not effective until November 1987) sets forth in 18 U.S.C. §3553 the factors to

be considered in imposing a sentence.  The factors considered are.

> The Need for the sentence imposed to reflect the seriousness
> of the offense.
> Promote respect for the Law and provide just Punishment
> Afford adequate deterrence
> Protect the Public. etc, etc,

The Court is to impose a sentence of the kind and within the range set forth in

the applicable guidelines unless the court finds that an agravating or mitigating

circumstances exists that was not adequatelly taken into consideration by the

sentencing commission in formulating the guidelines 18 U.S.C. § 3553 b

For all this reasons movant feels that all her rights were violated and request

this Honorable Court to accept her 2255 motion and give movant the opportunity to

Be heard. Movant feels she is in disadvantage do to her ignorance to the Law of the United States and to the ineffective assistance of her Counsel Movant Prays that this Court lower her sentence and give her the opportunity to let her true come forward.


### III CONCLUCION

FOR ALL THIS REASONS MOVANT PRAYS THAT THIS COURT ACCEPTS TO 2255 MOTION TO REDUCE HER SENTENCE AND GIVE HER HE OPPORTUNITY TO BE HEARD


Respectfully Submitted


*Rosa Idalia Treviño*

Movant Pro Se.


Page 2 of 2

NOW COMES MOVANT ___TREVINO_____Asking this Honorable Court to lower her

sentnece do to the fact that Sixth, Seventh, Eight Amendment were violated with her

Plea Agreement,  As with any contract the drafting party has a overwhelming superior

bargain position.  Plea Agreement are constructed strictly against the Government.

Due to ineffective assistance of counsel, Movant ___TREVINO_____should have insured

the validity of the guilty plea serves as a conviction and relieves the Government of

the burden of the proof in a Criminal Case.  The Court should have insured the validity

of the guilty plea which is vitally important.  The Supreme Court recognizes that a plea

bargain agreement, that induces a guilty plea, should be attended with safeguards

to ensure the defendant what is reasonable under the circumstances.

Movant's due process rights required tht a defendant is sentence on basis of

actual information.  A Court failure to inquire into the total reasoning of the guilty

plea, after movant informed the court of ineffective assistance of Counsel makes a plea

in total violation of Law under the Constitution.

Movant's is ignorant tot he Law of the United States she didn't understand the

consequences of signing hte plea agreement she was induce by her counsel to plea guilty

not knowing that movant ___TREVINO_____was giving all her rights at the moment

she sign the plea agreement.  Movant's First and Fourteenth Amendment rights were

violated when all relevant inforamtion was not considered at the sentencing hearing

Even though the court allowed allocuation during sentencing the Court totally ignore

the circumstances of the conviction sentencing on allegations in the indictment without

all allegations being proofed as an application of criminal law that materially is a

disadvantage to movant.

The Principal of equal protection applies in all crimianl matters.  The dignity

of the United States Government will not permit sentencing of movant without every

opportunity of the truth comming forward,  At very best, movant should have received

a downward departure, due to the fact that the court was well aware that it was

sentencing movant in violation of movant's First Fifth, Sixth, Seventh Eight,

Fourteenth Amendment.

Movant respectfully request that this court allow th truth to be heard in this matter. As the Constitution states that it would "Provide for the cmmon defense promot the general welfare and secure the blessing of liberty.

There are ten original Amendments: The Bills of Rights, I'am entitled to all of them listed within this motion and to deprive me the right is against all the American Forefather's fought for " Liberty Justice for "ALL"

I request this court to vacate the sentence, or resentence movant to lower her sentence and give movant a better opportunity to see her case by a new judge, and allow the truth to be known.

Respectfully submitted under the mandates of HAINER v KERNE 404, U.S.C §519 "Allegations of Pro Se motions are held less stringent standard than those formal motions drafted by attorneys.......

Respectfully Submitted

*Rosa Idalia Trevino*

Movant Pro Se.

NOW COMES MOVANT _____ Asking this Honorable Court to reduce her

sentence . The defendant was named in the indictment defense was sentence by Judge

_____ defendant was sentence to the term of _____ and with a fine of

$_____ on each count.

Defendat respectfully ask this Court to reconsider the sentence imposed and to

reduce her sentence to levels which are more representative of the rehabilitative

goals of the Criminal Justice Systems.

Defendant stand convicted of the crimes charged.  Incarceration in a Federal

Correctional Facility is the price society demands.  However the period of incarceration

should be commensurate with the gravity of the crime and should reflect the potential

for reform and degree of criminal involvement of the respective defendant while future

deterrence and community sentiment are factors to be considered.

The sentencing equatation should be denominated by consideration of fairness and

justice. Defendant_____is _____years and she has _____children

and respectively defendant was worked to help support her family.

She has been working since she was _____years old. "People in Support of_____

_____ defendant ask this court to reduce her sentence.

Defendant is concerned with her inability to help her family relocate and reunite

the family unit which is beginning to desintegrate in her absent.

Defendant ask this Court to take into consideration her ability to reform and their

individual circumstances and allow a reduction of sentnece which will merely permit

an earlier release and earlier new start.

Defendnat only request this in view of the unusual severity of her sentence for

a routine narcotic case.   Disparity in sentencing is a fact with which many defendant

must live See Justice in sentencing Sen Edward M Kennedy N.Y. Times July 29 1977 Federal

sentencing problems and the model sentencing Act Sal Rubin 41 F.R.D 467 at 506 while

attempted solution.  Solutions more thorought and uniform in now were in sight as the

Hon E.J. Devitt chief judge for U.S District Ct Dist of Minnesota has noted.

EXHIBIT "A"

Comes now movant without counsel, unskilled in Law and with no knowledge of the rules and regulations of this court, requsting to be herein attacking her sentence.

Movant's First Amendment was violated when the court at sentencing denied movant to redress her grievance of the government prosecution., and their behavior against movant.  That this was her first conviction.

Sixth amendment right to counsel who's duty was to investigate every defense of her prosecution.  Even though movant continued her to request counsel to pro-vide her with every document concerning her indictment.  She was never shown one document.  Counsel did not explore every possibility of her plea agreemnet. Counsel did not persue favorable negotiations on movant's behalf. Counsel continuesly used unprofessional behavior, that was frightening to the magnitude to stop the plea agreement, and movant pled guilty under fearful tactics of counsel.  Movant asserted to the court, that she believed that counsel had represented her profess-ionally., However, not having any knowldge of the law.  How does one know if he beingprofessionally represented? There was a conflict of interest, when counsel knew that he had not provided movant the opportunity to view documents of the charge.

Due Process Protects movant's rights, and requires an opportunity for movant to be heard in a meaningful manner.

The courts stating that movant ascertion of responsible representation at the when the quilty plea was entered, movant has no legal knowledge.

Page 1 Of 3

This court is well aware how the system works.  Giving nothing and taking everything.
Movant advised court that under duress of not being provided with documentation of her
prosecution, she only stated facts to the court, as her counsel had given her. fearful
of her options she answered to the court with "Yes" and "Nos" fundamentals.

Due process principals clearly define, that the conduct of the court prohibits
unfairness.  The court unjustifiably ignored movant's ineffective assistance counsel
Movant's Fifth, Sixth, Seventh, and Eighth, Amendments, were violated with
her plea agreement.

As with any contract, the drafting party had a overwhelming superior bargain
position.

Plea agreements are constructed strictly agains the Government, due to ineffective
assistance of counsel,  Movant, should have been given the opportunity to withdraw her
plea agreement.

Movant's Ineffective assistance of counsel, rendered a guilty plea involuntarily.
and hence invalid, because a guilty plea serves as a condition and relieves the
Government of the burden of proof in a criminal case.  The court should have insured
the validity of the guilty plea, which is vitally important.

The Supreme Court recognizes that a plea Bargain Agreement. that induces a
guilty plea, should be attended with safeguards to ensure the defendant what  is
to ensure the defendant what is reasonably due in the circumstances.

Movant's first and fourteenth Amendment Rights, were violated when all relevant
evidence was not considered and sentenced the defendant to so many months in
prison, even though the court allowed allocation during sentencing. The Court totally
ignored Movant's circumstances of the conviction.

Regarless of how many sentencing institutes we have the fact supported by dependabl

statistics, continue to reflect unjustified disparity between the sentences imposed

for same crime upon persons in like circumstances and with similar histories and

with similar histories backgrounds.

How can we effectively minimize unjustified disparity in Federal Criminal

Sentence Hon E.J. Devith 42 R.R.D. 175 at 220.

The disparity which is noted stems from diverse attitudes on the part of individual

judges Toward Vairous crimes, and the severety of lightness of punishments depends in

each instance verly largely on the personality of trail judge.

Disparity and equality of sentences Ruben 40 F.R.B. 55 each Judge embraces his

own Philosoph adn differs as to the importance of Punishament deterrence or rehabilition

as penal goals each measures and "Wrongness" inherent in specific.

Crimes by own yardstick sentencing a three step process Federal Bar Journal

vol 32 page at 217 as the Hon E.J. Devit explains

## III CONCLUSION

RESPECTFULLY SIBMITTED UNDER THEMANDATES OF HAINER v KERNE 404, U.S.C. 519

"ALLEGATIONS OF PRO SE MOTIONS ARE HELD LESS STRINGENT STANDARD THAN THOSE FORMAL

MOTIONS DRAFTED BY ATTORNEYS............

RESPECTFULLY SUBMITTED

*Rosa Idalia Treviño*

MOVANT PRO SE

NOW COMES MOVANT   TREVINO   Asking this Honorable Judge to heard this
2255 Motion based on the grounds that there was a ineffective assistnce of attorney
Movant   TREVINO   feels that her sixth Amendment was violated even do
she had a counsel on her case.   this Counsel was so ineffective that he never explain
movant the consequences of her Plea Agreement movant doesn"t Speak, Read, Writte
Inglish this Counsel never show movant her Plea Agreement .

Very frequently the defendant at arraigment will seek to waive Counsel with the
obvious intention of entering a Plea of Quilty. The Constitutional limitation upon
waiver in this circumstances is suplemented by the due process requirement that
quilty plea be vountary see: § 8.5 (a) (b) but in movant case this was not a voluntary
plea, Counsel used his tactics to induce movant to plea saying that she better sign
if not the goverment was giving movant more time, how can a Counsel be so unprofessional
to use this kind of tactics to induce movant to sign the plea agreement and for him
to close a case.   Court must seek to ensure that this plea quilty is intelligent and
voluntary, Counsel never show movant any evidence from the government, Counsel never
look for alternatives to rebutle movants objections.

The Supreme Court has long recognized, with respect to the due proces/fair hearing
right to Counsel the Sixth Amendment right to counsel and the equal protection right
to Counsel that these rights are fullfilled if Counsel fails to provide ineffective
assistance to the defendant. See e.g. Powell v Ala ( 1932) Jones Barnes (1983) In U.S
Cronic (1983).

In movant's case Counsel was so ineffective that he never ensure a fair proceeding,
he only came to visit movant one of two times in the whole process and one of those
time when he came he ask movant to sign the Plea Agreement without giving movant any
explanation or information in reference of what she was singning.How can a person
that is ignorant to the law of the United States and that her primary lenguage is
spanish that doesn't understand any thing about criminal law could sign the Plea

Agreement voluntary and intelligent. By signing the plea agreement it needs to be voluntary do to the due process clause.

It has been likened by the court to the prohibition against admission of involuntary confessions Waley v Johnston ( 1942) although its content also is shaped in part by the traditional "Knowing and intelligent standard for waivers of trial rights Boykin v Ala (1969) See § 7.4 (a) In Brady v U.S (1970). The supreme Court noted that the standard as to voluntariness of guilty pleas must be essentially that defined by a leading lower Court opinion a plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to her by the Court prosecutor, or her own Counsel, must stand unless induced by threats (or promises to discontinue improper harassment) misrepresentation including unfulfilled or unfulfillable promises or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor business (e.g.Bribes) in movant's case counsel never inform movant of the consequences of the plea agreement, movant signed her plea agreement not knowing the rules and regulations of the Law of the United States how can a plea agreement be sign voluntary by a person that is not familiar with the Laws of the United States .

Without been affirmative showing that it was intelligent and voluntary the Court added that a guilty pleas involves a relinquishment of the rights to a jury trail to confront one's accusers and to refuse to testify at trail, and it could not "presume" a waiver of these important Federal rights from a silent record.

Whether this means that the defendant must be specifically advised as to those three rights . At movant's case counsel never told movant of her rights he never fully informed her of the rights relinquished by pleading guilty. The offense in question there had subsequently been held to include an element missed by lower court noted that if "neither defendant nor his counsel nor the trial court correctly understood the essential elements of the crime with which she was charged" the defendants plea would have been constitutionally invalid.

Page 2 of 3

For all this reasons movant prays this Honorable Court to heard her 2255 motion and lower her sentence, and give her the opportunity to rebutle her sentence to a lower levels.

### III CONCLUSION

FOR THE FOREGOIN REASONS THE DEFENDANT PRAYS THAT THIS HONORABLE COURT ALLOW THIS MOTION 2255 BE HEARD.

RESPECTFULLY SUBMITTED

Rosa Idalia Trevino
Movant Pro Se

Page 3 of 3

Also the court added that a constitutional violation could occur wher the court

misinformed the movant to a critical element of the ofense to which she plead guilty

At this point movant sixth amendment was violated bye the negligence and

incompetence of her counsel movant did not signed her plea agreement "Voluntary and

intelligent 'she was never advised of the consequences of this plea agreement that

she was signing.  Movant feels that she was discriminated from her lenguage barrier,

and by not knowing the law of the Untied States the sixth amendment guarantees

the equal protection guaranted.

## III CONCLUSION

FOR THE FOREGOING REASONS, THE DEFENANT PRYAYS THAT THIS HONORABLE COURT ALLOW THIS

MOITON TO ATTACK THE SENTENCE BE HEAR

Respectfully Submitted

*Rosa Idelia Trevino*

Movant Pro Se.

NOW COMES MOVANT TREVINO _____Asking this Honorable Court Judge to reduce her

sentence the indictment charged appellant ___TREVINO___ with an offense under

Title___21___ of the United States Code. This Court has juridiction over this

case pursuant to Title 28 U.S.C 1291 Since Courts of appeal have jurisdiction over

appeals of district Courts of the Untied States the sentencing of the appellant on

__March 26, 2003__ is considered to be the final Judgement "See Berman v United States

302 U.S. 211 58 S.C.T 164,82 L.Ed 204 (1937).

Here movant ask Honorable judge to vacated sentence based on grounds that Rule

11 was violated when counsel never explain movant of the consequences of signing the

Plea Agreement this Rule was made strictly complied with Phillips v U.S. Ca Ohio 1975

519 F. 2d 483.

Movant is unskilled tot he Law of the United States she was appointed to a counsel

that doesn't speak, writte, read spanish from the beginning there was a conflict of

interest in which movant was not aware of the rules and regulations fo the Federal

Criminal Procedure.

Rule 11 is designed to guarantee that trial judge be informed as to all details

of the Plea Agreement when he passes on validity of defendants guilty plea see U.S

v Roberts 1977 570 F. 2d 187 U.S App D.C. 90.

As stated on Brady v U.S. (1970) the Supreme Court noted that the "Standard as

to the voluntariness of guilty pleas must be one fully aware of the consequences,

including the actual value of any commitmenst made to her by the Court posecutor or

his own Counsel.

How can a Plea Agreement be sign inteligently by a person that is ignorant to

the Law of the United States and that she didn't understand the conviction and the

allegations of the prosecutor, cousnel was all ineffective that he never took the

time to explain movant of the rules and regulations and the consequences of signing

her plea agreement. However the leading cases dealing with the scope of that duty

are quite limited in their holdings Boykin v Ala (1969) is illustrative.

Also the court, added that a constitutional violation could occur wher the court misinformed the movant to a critical element of the ofense to which she plead guilty

At this point movant sixth amendment was violated bye the negligence and incompetence of her counsel movant did not signed her plea agreement "Voluntary and intelligent she was never advised of the consequences of this plea agreement that she was signing. Movant feels that she was discriminated from her lenguage barrier, and by not knowing the law of the Untied States the sixth amendment guarantees the equal protection guaranted.

### III CONCLUSION

FOR THE FOREGOING REASONS, THE DEFENANT PRYAYS THAT THIS HONORABLE COURT ALLOW THIS MOITON TO ATTACK THE SENTENCE BE HEAR

Respectfully Submitted

*Rosa Idalia Trevino*

Movant Pro Se.

Page 2 of 2



AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

United States District Court
Southern District of Texas
ENTERED

APR 1 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk *O. N. Aelaya*

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Brownsville

UNITED STATES OF AMERICA

v.

**ROSA IDALIA TREVINO**

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: **1:02CR00520-003**

☐ See Additional Aliases sheet.

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    1 on 10/22/2002

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

ANNABELL ALANIZ ALEGRIA
Defendant's Attorney

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) | Conspiracy to Possess With Intent to Distribute a Quantity Exceeding 500 Grams of Cocaine, a Schedule II Controlled Substance | 09/05/2002 | 1 |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 2    ☒ is    ☐ are    dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: None

Defendant's Date of Birth: 12/14/1968

Defendant's USM No.: 18120-179

Defendant's Residence Address:

General Delivery

Matamoros, Tamaulipas

Mexico

Defendant's Mailing Address:

General Delivery

Matamoros, Tamaulipas

Mexico

03/26/2003
Date of Imposition of Judgment

Signature of Judicial Officer

**ANDREW S. HANEN**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

4/16/03
Date

10⁸

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court

By *Pill. Aelaya*
Deputy Clerk

RSG (erb)

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 3 -- Supervised Release

Judgment -- Page 3 of 6

DEFENDANT: **ROSA IDALIA TREVINO**
CASE NUMBER: **1:02CR00520-003**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   5 years.
    The Court further orders the supervised release term be without supervision.

☐  See Additional Supervised Released Terms Sheet.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

☐  See Additional Mandatory Conditions Sheet

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒  See Special Conditions of Supervision.

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B     (Rev. 3/01) Judgment in a Criminal Case
             Sheet 2 -- Imprisonment

Judgment -- Page 2 of 6

DEFENDANT: **ROSA IDALIA TREVINO**
CASE NUMBER: **1:02CR00520-003**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____ **47 months.** _____

It is the order of the Court that the PSI in this case is for use by the Bureau of Prisons employees only and SHALL NOT be further disclosed to any other party (other than the defendant), agency or individual without written permission of this Court, except in instances of escape or failure to surrender, when the report is needed by the U. S. Marshals.

☐   See Additional Imprisonment Terms.

☐   The court makes the following recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
     ☐   at _____ on _____
     ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     ☐   before 2 pm on _____
     ☐   as notified by the United States Marshal.
     ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 3 -- Continued 2 -- Supervised Release

Judgment -- Page 4 of 6

DEFENDANT:  **ROSA IDALIA TREVINO**
CASE NUMBER:  **1:02CR00520-003**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant is not to re-enter the United States illegally.

AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 5, Part A -- Criminal Monetary Penalties

Judgment -- Page 5 of 6

DEFENDANT: **ROSA IDALIA TREVINO**
CASE NUMBER: **1:02CR00520-003**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ See Additional Terms for Criminal Monetary Penalties Sheet.

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |

☐ See Additional Restitution Payees Sheet.

| **TOTALS** | $0.00 | $0.00 |
|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement $_____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

    ☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 5, Part B -- Criminal Monetary Penalties

Judgment -- Page 6 of 6

DEFENDANT:  ROSA IDALIA TREVINO
CASE NUMBER:  1:02CR00520-003

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of ___$100.00___ due immediately, balance due

        ☐  not later than _____ , and/or
        ☒  in accordance with  ☐ C, ☐ D,  and/or  ☒ E, below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E  ☒  Special instructions regarding the payment of criminal monetary penalties:
        Make all payments payable to: U.S. District Clerk, Attn: Deputy in Charge, 600 E. Harrison Street #101, Brownsville, TX
        78520-7114

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

☐  See Additional Defendants Held Joint and Several sheet.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

☐  See Additional Forfeited Property Sheet.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.