IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 05 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| | § | |
| vs. | § | CA B-04-129 |
| | § | |
| ROSA IDALIA TREVINO, | § | |
| Petitioner-Defendant | § | |
| ( CR B-02-520) | § | |

GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE
RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR
SUMMARY JUDGMENT

I.

The Court ordered the Government to respond to Petitioner's, Rosa Idalia

Trevino's (hereinafter referred to as Trevino) 28 U.S.C. §2255 motion filed on July

26, 2004, by November 8, 2004. The Government moves to dismiss and, in the

alternative, moves for summary judgment.

II.

On September 24, 2002, Trevino, along with two others, was indicted in the

Southern District of Texas, Brownsville Division, with conspiracy to possess with

intent to distribute a quantity exceeding 500 grams of cocaine, that is 4 kilos of

cocaine, in violation of Title 21 U.S.C. §§846, 841(a)(1) & 841(b)(1)(B) and with

possession with intent to distribute a quantity exceeding 500 grams, that is

approximately four kilograms of cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1)

& 841(b)(1)(B) (PSR 1–3[1]).  She pled guilty to the conspiracy count on October 22, 2003, before the Honorable Judge Andrew S. Hanen (DOC. 138; PSR 4).  Trevino plead guilty pursuant to a written plea agreement with the government which included a cooperation provision, which, if performed by Trevino, conditioned the government to recommend a 1/3 reduction in sentence (DOC 138 p. 9).  Trevino swore she understood the entire agreement (DOC. 138, p. 6–10).   The district court explained to Trevino that she had a right to appeal an illegal sentence, a sentence obtained through ineffective assistance of counsel or through prosecutorial misconduct (DOC. 138, p. 16). Trevino swore she understood her rights to appeal (DOC. 138, p. 17).

The probation department scored the instant offense at base offense level 30 on the basis of a relevant conduct finding of 3.8 kilos of cocaine, recommended that she receive a two-level role adjustment for use of a minor in the commission of the offense under U.S.S.G. §3B1.4, a two level downward adjustment for "safety valve" and a three level adjustment for acceptance of responsibility, for a total offense level score of twenty-seven (27) (PSR 19–28). Her criminal history placed her in criminal history category I (PSR 31).

Trevino objected to the use of a minor adjustment (DOC 138, p. 27; PSR Add.).  Trevino also objected that the PSR did not credit her with her cooperation to the government (PSR Add.). Trevino was ultimately sentenced on March 26,

---

[1] The version of PSR cited is that of November 20, 2002.

2003 (DOC. 108). The district court denied Trevino's objection as to the use of a minor (DOC. 138, p. 29). The district court granted the government's 5K motion for a 1/3 reduction in sentence, but rejected Trevino's motion for a ½ instead of a 1/3 reduction (DOC. 138, p. 30-32). The district court sentenced her to 47 months imprisonment, a five year term of supervised release and a $100 assessment (DOC. 138, p. 32-33). The judgment was entered April 16, 2003 (DOC. 108).

Trevino filed notice of direct appeal on September 10, 2003 (DOC. 120). As Trevino's notice of appeal was untimely by 5 months, her appeal was dismissed on October 10, 2003. On July 20, 2004, Trevino filed her instant motion pursuant to 28 U.S.C. §2255 (1 R. 1).

III.

The instant pleading is untimely. On April 24, 1996, a one-year period of limitation was placed upon the filing of motions under §2255. The one-year period runs from the date the judgment of conviction becomes final. Trevino had until April 26, 2004 (one year plus the ten[10] days after her judgment was entered, with the expiration of the period for filing notice of appeal) to file this motion. This court is without jurisdiction, on the basis of Trevino's late filing. untimely. *United States v. Riggs*, 314 F.3d 796, 798 (5th Cir. 2002).

IV.

If the court reaches the substance of Trevino's allegations, the Government denies each and every allegation of fact made by Trevino except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

V.

ALLEGATIONS

Trevino alleges her constitutional rights were violated in several regards, and requests the district court grant a reduction in sentence and "early release", or in the alternative, a re-sentencing with a "new judge":

a.   Her trial counsel was ineffective in a myriad of ways:

    1.   Counsel could not speak, read or write Spanish and was therefore unable to communicate with Trevino;

    2.   Counsel did not explore the provisions of the plea agreement, never explained the consequences of signing the plea agreement, including the constitutional rights waived by virtue of signing the plea agreement;

    3.   By frightening Trevino with assurances that failure to plead guilty would result in a higher sentence, Counsel improperly induced her to plead guilty and to falsely respond in the affirmative to the district court's admonitions during the re-arraignment;

    4.   Counsel failed to show Trevino any evidence or any documents relating the case, including the charging documents and plea agreement;

4

     5.     <u>Counsel failed to explain to Trevino or to contest at sentencing the government's relevant conduct evidence, including the amount of cocaine computed for relevant conduct;</u>

b.     Trevino alleges her plea of guilty was involuntary by virtue of several deficiencies:

     1.     <u>Trevino did not sign the plea agreement knowingly and voluntarily;</u>

     2.     <u>Trevino did not understand the elements of the offense to which she plead guilty;</u>

     3.     <u>Trevino did not understand consequences of pleading guilty or the rights she was waiving by pleading guilty;</u>

c.     Trevino alleges her sentence violates 18 U.S.C. §3553, rather, it reflects the sentencing philosophy of the trial judge, represents a disparate sentence on the basis of her personal circumstance, and is disproportionate to the crime of conviction and therefore violates the 8th Amendment's proscription against cruel and unusual punishment.

d.     Trevino alleges her sentencing was unconstitutional as the district court failed to require proof of the crime of conviction or to consider "all relevant information" at the sentencing hearing;

e.     Trevino alleges the district court's failure to depart downward represents a violation of equal protection as the district court was aware it was sentencing Trevino in violation of the 1st, 5th, 6th, 7th, 8th & 14th Amendment;

f.    Trevino alleges she suffered discrimination on the basis of her native language, Spanish, and her ignorance of the law.

VI.

## TREVINO'S BURDEN

Trevino's ineffective assistance claim is cognizable in a §2255 proceeding without regard to her failure to raise it on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509, 123 S.Ct. 1690, 1696 (2003)(failure to raise an ineffective–assistance–of–counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255).

For her remaining claims, her  first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for §2255and requiring "cause and prejudice" standard). Trevino must first show cause that would excuse her failure to raise this claim on direct appeal and actual prejudice from the error that she now alleges.  The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as she offers insufficient cause and prejudice for obtaining review on collateral attack.  *See, e.g., United States v. Shaid*, 937 F.2d 228, 231–232 & n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for her procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

6

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim she now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992] which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion; and (3) ineffective assistance of counsel in the constitutional sense." *Id.* Trevino proffers no "cause" for her failure to bring the instant allegations on direct appeal.

Trevino alleges that she suffered "prejudice" as a result, in that she suffered a conviction in violation of constitutional safeguards and a sentence in excess of what she deserved

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that she did not commit the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53

F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider her claim will result in her continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Trevino does not assert she is innocent. She, therefore, fails the "prejudice" prong of her "cause and prejudice" burden.

A.    INEFFECTIVE ASSISTANCE OF COUNSEL

1. Legal Principles Governing Ineffective Assistance.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard:    "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 471, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that her counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

In order to succeed on this claim, Trevino must establish that trial counsel's actions, "fell below an objective standard or reasonableness" and that 'but for' such unprofessional errors the outcome would have been different. *United States v. Samples*, 897 F.2d at 196. Trevino fails in both regards.

To prevail on her claims, Trevino must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable". *Id.* at 690.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

       a. <u>At the plea stage</u>.

"Effective assistance" requires counsel to provide meaningful advice on the facts and law applicable to a plea agreement. *United States v. Hodges*, 259 F.3d

655, 659 (7th Cir. 2001); *United States v. French*, 719 F.2d 387, 389 (11th Cir. 1983). "While it need not be errorless, counsel's advice must be within the realm of competence demanded of attorneys representing criminal defendants". *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993). In the context of a guilty plea, Trevino must demonstrate that, but for counsel's errors, she would not have plead guilty and would have gone to trial. *Id.* citing *Hill*, 474 U.S. at 59.

### b. Sentencing errors

In the context of sentencing errors, the petitioner must show that she was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843–844 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Even if Trevino demonstrates that her counsel provided constitutionally infirm representation, Trevino must also demonstrate prejudice. Although Trevino need not demonstrate that, absent the error, her sentence would have been "significantly less harsh", she must demonstrate prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of

actual jail time has Sixth Amendment significance". *Glover v. U.S.* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

B.   TREVINO'S INEFFECTIVE ASSISTANCE CLAIMS

Trevino's "ineffective assistance" claims are mainly premised on unsupported or incorrect factual assertions.

1. Counsel could not speak, read or write Spanish and was therefore unable to communicate with Trevino;

As Counsel's attached affidavit makes clear, Counsel can speak, read and write in the Spanish language. At Trevino's re-arraignment Counsel testified, in Trevino's presence, that she had no problems communicating with Trevino (DOC 138 p. 5-6). The court may additionally take Counsel's proficiency in Spanish on judicial notice, as Counsel has practiced before this court on numerous occasion in representing Spanish-only speaking clients. Trevino also testified at her re-arraignment that she "was fully satisfied with [her] attorney's explanations and the

11

advice ... given" (DOC 138, p. 5).  The district court may rely upon the defendant's

sworn testimony. *United States v. Strong*, 891 F.2d 82, 85 (5th Cir. 1989), *United*

*States v. Hernandez*, 242 F.3d 110, 112 (2nd Cir. 2001).  Trevino fails to establish

the factual basis for her claim.

Even if Trevino was correct in her subject factual assertions, Trevino bears

the burden of establishing that the particular lapse was prejudicial.  In the context

of a plea of guilty, in order to satisfy the "prejudice" requirement, the defendant

must show that there is a reasonable probability that, but for counsel's errors, she

would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474

U.S. at 59, 106 S.Ct. at 370 (1985).  Here, Trevino makes no assertion that she

would have gone to trial.  Even if Trevino makes such an assertion, an objective

analysis of these facts suggests a likely outcome of guilty at trial.  Trevino fails to

carry this burden.

As the premises upon which Trevino's instant complaint is based has no

legal or factual support, Trevino's counsel's performance can not be shown to be

deficient under *Strickland*.

2.  <u>Counsel did not explore the provisions of the plea agreement, never</u>
    <u>explained the consequences of signing the plea agreement, including</u>
    <u>the constitutional rights waived by virtue of signing the plea agreement;</u>

As Counsel's affidavit reveal, Counsel explained the terms of the plea

agreement to Trevino.  The written plea agreement sets out the consequences of

pleading guilty and the rights Trevino was waiving by pleading guilty (DOC 55, ¶

13).  The plea agreement notices Trevino she was waiving the right to have a "speedy trial" with assistance of counsel before a jury if she chose; that in such trial, the government would have the burden of proof; that Trevino would have a right to confront and cross-examine the witnesses against her; that Trevino could subpoena and call witnesses on her own behalf, if she chose to do so; and that Trevino could testify on her own behalf, if she chose to do so, but that no prejudice would flow from her decision not to testify.  Accordingly, Trevino fails to establish the factual basis for her claim.

Even if Trevino was correct in her subject factual assertions, Trevino bears the burden of establishing that the particular lapse was prejudicial.  In the context of a plea of guilty, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial.  *Hill*, 474 U.S. at 59, 106 S.Ct. at 370 (1985).  Here, Trevino makes no assertion that she would have gone to trial.  Even if Trevino makes such an assertion, an objective analysis of these facts suggests a likely outcome of guilty at trial.  Trevino fails to carry this burden.

Trevino attaches undue significance to her initial  signing of the plea agreement.  Pursuant to Fed.R.Crim.P. 11(c), the functional execution of a plea agreement occurs only when accepted by the court.  Here, the district court questioned Trevino thoroughly under oath at the re-arraignment regarding

Trevino's understanding of the plea agreement, before accepting it (DOC. 138, p. 6-10). Trevino swore the entire agreement had been translated for her into Spanish and that she understood the entire agreement, prior to her signing it (DOC. 138, p. 7-8). The district court may rely upon the defendant's sworn testimony. *Strong*, 891 F.2d at 85, *Hernandez*, 242 F.3d at 112.

As the premises upon which Trevino's instant complaint is based has no legal or factual support, Trevino's counsel's performance can not be shown to be deficient under *Strickland*.

3. <u>By frightening Trevino with assurances that failure to plead guilty would result in a higher sentence, Counsel improperly induced her to plead guilty and to falsely respond in the affirmative to the district court's admonitions during the re-arraignment;</u>

First of all, Trevino's assertion that Counsel directed her to falsely answer in the affirmative when questioned by the court at her re-arraignment is contradicted by the record. At her re-arraignment, Trevino swore, under penalty of perjury, in responding to the court's questioning (DOC. 138, p. 3). Trevino also swore she was satisfied with Counsel's explanations and advice (DOC. 138, p. 5). The district court may rely upon the defendant's sworn testimony. *Strong*, 891 F.2d at 85, *Hernandez*, 242 F.3d at 112. Accordingly, Trevino fails to establish the factual basis for her claim.

Even if Trevino was correct in her subject factual assertions, Trevino bears the burden of establishing that the particular lapse was prejudicial. In the context of a plea of guilty, in order to satisfy the "prejudice" requirement, the defendant

14

must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59, 106 S.Ct. at 370 (1985). Here, Trevino makes no assertion that she would have gone to trial. Even if Trevino makes such an assertion, an objective analysis of these facts suggests a likely outcome of guilty at trial.

Assuming that Counsel suggested to Trevino that a jury trial would likely result in a conviction and a significantly higher sentence than would a plea of guilty, such advice would not represent ineffective assistance under the circumstances of this case. In fact, recommending a trial in the face of the government's overwhelming instant evidence would likely represent ineffective assistance. The *Strickland* analysis applies to claims of ineffective assistance of counsel involving counsel's advice offered during the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366 (1985). During the plea stage, the defendant has the right to rely on counsel as a "medium" between him and the government. See *Maine v. Moulton*, 474 U.S. 159, 176, 106 S.Ct. 477 (1985). Cf. *United States v. Cronic*, 466 U.S. 648, 657 n. 19, 104 S.Ct. 2039 (1984) ("[E]ven when there is a bona fide defense, counsel may still advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances."). Here, the evidence against Trevino, as related on the "Plea Packet Memo", bearing Trevino's signature and admitted to by Trevino at the re-arraignment, disclosed Trevino was witnessed by law enforcement arriving at the scene of a drug

15

surveillance with her 12 year old son. Trevino, accompanied by her son carrying a cereal box, entered the subject business. As Trevino met with a co-conspirator, her son delivered the cereal box inside the business. The cereal box was found to contain a kilo of cocaine. An additional kilo was found behind a filing cabinet. A search of Trevino's car revealed an additional two kilos on the floor board. Trevino gave a confession admitting her knowing delivery of the cocaine in order to raise money to get her husband out of jail.

Trevino bears the burden of establishing that the particular lapse was prejudicial. In the context of a plea of guilty, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59, 106 S.Ct. at 370 (1985). Here, Trevino makes no assertion that she would have gone to trial. Even if Trevino makes such an assertion, an objective analysis of these facts suggests a likely outcome of guilty at trial.

### 4. Counsel failed to show Trevino any evidence or any documents relating the case, including the charging documents and plea agreement:

Trevino's assertion is directly contradicted by her sworn testimony at her re-arraignment (DOC. 138, p. 5-10). *Strong*, 891 F.2d at 85, *Hernandez*, 242 F.3d at 112. Her assertion is also contradicted by Counsel's attached affidavit. Accordingly, Trevino fails to establish the factual basis for her claim. Under the analysis set out above she fails to demonstrate ineffective assistance of counsel.

16

5. <u>Counsel failed to explain to Trevino or to contest at sentencing the</u>
<u>government's relevant conduct evidence, including the amount of cocaine</u>
<u>computed for relevant conduct:</u>

Counsel's affidavit contradicts Trevino's claim that Counsel failed to explain

relevant conduct to her.  Trevino is mistaken that Counsel failed to contest the

Probation Department's relevant conduct findings.    Counsel filed written

objections to the relevant conduct findings regarding the use of her child in the

commission of the offense, after conferring extensively with Trevino (DOC. 64).

Counsel re-urged the objections at sentencing, but was unsuccessful due to the

extremely aggravated circumstances surrounding Trevino's use of her son to

deliver cocaine (DOC. 139, p. 29).  Accordingly,  Trevino fails to establish the

factual basis for her claim.    Under the analysis set out above she fails to

demonstrate ineffective assistance of counsel.    Additionally, the district court

thoroughly explained the application of the sentencing guidelines and the concept

of relevant conduct to Trevino at her re-arraignment (DOC. 138, p. 10-12).

Although Counsel did not contest the amount of cocaine assessed at

between 3 ½ to 5 kilos, as the evidence disclosed 3.8 kilos net weight was seized

in connection with Trevino's commission of the offense of conviction (PSR 9, 19),

Counsel is not expected to contest frivolous matters. *United States v. Preston*, 209

F.3d 783, 785 (5th Cir. 2000), See *Green v. Johnson*, 160 F.3d 1029, 1037 (5th

Cir.1998) ("[F]ailure to make a frivolous objection does not cause counsel's

performance to fall below an objective level of reasonableness....").

17

VII.

## SUBSTANTIVE CLAIMS

1. Trevino alleges her plea of guilty was involuntary by virtue of several deficiencies: Trevino did not sign the plea agreement knowingly and voluntarily; Trevino did not understand the elements of the offense to which she plead guilty; Trevino did not understand consequences of pleading guilty or the rights she was waiving by pleading guilty; and Trevino's plea was the product of ineffective assistance of counsel;

A.   INVOLUNTARY PLEA

1. Legal Principles Governing Involuntary Plea.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert.denied*, 532 U.S.1067, 121S.Ct.2220 (2001). The terms "voluntary" and "knowing" are frequently used interchangeably, although, strictly speaking, the terms embody different concepts. Compare 1A Charles Alan Wright, FEDERAL PRACTICE and PROCEDURE §172, 142–44 (3d ed.1999)(stating a plea of guilty is not voluntary if it is induced by threats, misrepresentation, unfulfilled promises, or promises of an improper nature), with *Id.* §173, 171–73 (stating that a plea is not knowing unless, among other things, defendant understands "what the maximum possible penalty is, including any potential fine and the effect of any special parole or supervised release term"). *United States v. Hernandez*, 234 F.3d 252, 254–55

18

(5th Cir. 2000).  To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence." See *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709 (1969).  The defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur.  See *Trujillo v. United States*, 377 F.2d 266, 266 (5th Cir. 1967).

A defendant's plea of guilty based on reasonably competent advice of an attorney is deemed an intelligent plea not open to attack. *McMann v. Richardson*, 397 U.S. 759, 769 (1970). When weighing the arguments within the Petitioner's motion, the Court must rely upon the petitioner's past sworn statements, made in open court, that she understood the plea agreement, and that she understood the consequences of his plea. *Hernandez*, 242 F.3d at 112.

### 2. Factual Basis of Involuntary Plea Claim and Argument

Trevino's factual claims are contradicted by the record.  See affidavit of counsel directly contradicting Trevino's factual assertions regarding the plea agreement and re-arraignment  (Attachment A).  Additionally during the plea proceedings, the U.S. district court obtained an assurance from Trevino and Counsel that Trevino had discussed with counsel the nature of the charges and consequences of pleading guilty (DOC 138, p. 5, 8, 12).   The district court also explained to Trevino all of her rights she enjoyed, which would be waived by pleading guilty (DOC. 138, p. 14–16, 20).  Trevino confirmed she understood

these matters. Following the district court's explanation of the elements of the offense, Trevino swore she understood these elements necessary to prove her guilt (DOC. 138, p. 14, 15, 18). Trevino confirmed that no one had coerced her into pleading guilty, or promised her anything to convince her to plead guilty (DOC. 138, p. 21). The government described the count to which Trevino was pleading, and a summary of the evidence in support thereof (DOC. 138, p. 17-20). Trevino swore she understood the charge and swore the subject summary of evidence was true (DOC. 138, p. 17-20). Finally, the court explained the application of relevant conduct within the sentencing guidelines (DOC. 138, p. 11-12). Trevino swore that she understood the concept of relevant conduct.

The court found that Trevino understood the nature of the charges and the consequences of the plea, supported by an independent basis in fact, containing each of the essential elements of the offense" (DOC. 138, p. 22). The court further alerted Trevino to the mechanics of objecting to the Pre-sentence report (DOC. 138, p. 22). Prior to the instant motion, Trevino did not claim that her plea was involuntary or unknowing.

The record, thus, demonstrates that Trevino entered her plea voluntarily and that her contention that her plea was not voluntary does not entitle her to §2255 relief. *United States v. Drummond*, 910 F.2d 284, 285-86 (5th Cir. 1990)(although no 'direct' evidence on point, record contained 'conclusive' evidence that plea was voluntary obviating need for hearing); See *Diggs v. United States*, 447 F.2d 460

(5th Cir. 1971). Should the court find Trevino has satisfied the 'cause and prejudice' hurdle as to this issue, and reaches the substance of this claim, Trevino fails to demonstrate a violation of constitutional dimension.

2.    <u>Trevino's Sentence Violates 18 U.S.C. §3553 and the 8th Amendment</u>

Trevino alleges her sentence violates 18 U.S.C. §3553, rather, it reflects the sentencing philosophy of the trial judge, represents a disparate sentence on the basis of her personal circumstance, and is disproportionate to the crime of conviction and therefore violates the 8th Amendment's proscription against cruel and unusual punishment.

Notwithstanding Trevino's failure to overcome the "cause and prejudice" hurdle, Trevino's argument that the district court erred when it allegedly did not properly consider. all of the factors set out in §3553 in sentencing Trevino, substituting its own sensibilities instead, are not cognizable in a § 2255 motion. *Scott v. United States*, 997 F.2d 340, 341–43 (7th Cir.1993)

The only complaint of constitutional dimension is her 8th Amendment challenge. Trevino complains her first–time conviction for conspiring to possess with intent to distribute 4 kilos of cocaine which resulted in a sentence of 47 months imprisonment represents a violation of the 8th Amendment, as the sentence is disproportionate to the crime. The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime. *Ewing v.*

21

*California*, 538 U.S. 11, 23, 123 S.Ct. 1179, 1186–87 (2004) (citing *Solem*, supra,

at 288, 103 S.Ct. 3001), *Harmelin v. Michigan*, 501 U.S. 957, 994, 111 S.Ct. 2680,

2701 (1991)(life without parole not unconstitutionally disproportionate for first

time felony conviction of possession of 650 grams of cocaine).

Trevino's Guideline range of 70–87 months (PSR 48) suggests she received

a sentence well below that of other federal defendants under like circumstances.

Her sentence seems down–right minuscule compared to Harmelin's, while she

conspired and actually possessed more than six times the amount of cocaine

possessed by Harmelin.    Accordingly, this claim fails.

3.    Trevino's Sentencing Unconstitutional as Lacking Proof of the Crime of
      Conviction and without Consideration of "all relevant information".

Trevino alleges her sentencing was unconstitutional as the district court

failed to require proof of the crime of conviction or to consider "all relevant

information" at the sentencing hearing.

As to the absence of evidence of the crime of conviction at the sentencing,

Trevino has apparently forgotten the purpose and effect of her plea of guilty.  As

the district explained to Trevino at her re–arraignment, to which Trevino

acknowledged understanding, by pleading guilty, Trevino was relieving the

government of its burden of offering evidence in order to prove her guilt at trial

(DOC. 138, p. 16).    Her judicial confession at re–arraignment to the facts

supporting each element comprising her offense of conviction is sufficient to

sustain her conviction. *United States v. Vonn*, 535 U.S. 55, 80, 122 S.Ct. 1043, 1057 (2002),  See *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582 (1927) ("A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction...).  More is not required; the court has nothing else to do but give judgment and sentence. *United States v. Hyde*,  520 U.S. 670, 679, 117 S.Ct. 1630, 1635 (1997).

Trevino's complaint that the district court failed to consider "all relevant information" regarding Trevino's circumstances at sentencing is without merit. Counsel for Trevino plead Trevino's plight at sentencing: a woman with bills to pay and children to support and a husband to bond out of jail, forced to turn to drug trafficking to make ends meet; a lengthy sentence would deprive her children of a parent for an extended period (DOC. 139, p. 30-31).  The district court considered Trevino's plight.

Even if Trevino was correct that the district court failed to consider all relevant evidence at sentencing, she has not demonstrated that such failure violated the minimum protections of the due process clause.  A trial judge in the federal judicial system generally has wide discretion in determining what sentence to impose. It is also true that before making that determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.

*United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591 (1972). Trevino fails to demonstrate error of constitutional dimension.

4.    The District Court's Failure to Depart Downward

Trevino alleges the district court's failure to depart downward represents a violation of equal protection as the district court was aware it was sentencing Trevino in violation of the 1st, 5th, 6th, 7th, 8th & 14th Amendment. Trevino is again mistaken. The government filed a motion for downward departure of 1/3 and the district court granted it (DOC. 139, p. 31-32).

Although the district court declined Trevino's request to depart further, denial of a downward departure represents an application of the sentencing Guidelines and does not rise to the level of a deprivation of a constitutional right. Relief under § 2255 is reserved for (1) errors of constitutional dimension and (2) other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per curiam); *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir.1989); *United States v. Smith*, 844 F.2d 203, 205-06 (5th Cir.1988). Trevino's challenge to a district court's failure to grant an extended downward departure is outside these parameters. A challenge to a sentencing judge's technical application of the sentencing guidelines may not be raised in a § 2255 proceeding. Such questions are capable of being raised on direct appeal and, further, do not implicate any constitutional issues. *United States v. Faubion*,

19 F.3d 226, 233 (5th Cir. 1994).    Similarly, challenges to a sentencing court's

factual findings on the basis of which the court makes sentencing adjustments

may not be raised in a § 2255 proceeding if they could have been raised on direct

appeal. See *United States v. Perez*, 952 F.2d 908, 909-10 (5th Cir.1992).

Even if this issue could be raised at this stage, Trevino fails to demonstrate

she was eligible for any further benefit.  Her active employment of her 12 year old

son in drug trafficking militates against her.

5.    Discrimination on the Basis of Spanish Tongue and Ignorance of the Law

Trevino alleges she suffered discrimination on the basis of her native

language, Spanish, and her ignorance of the law.  Trevino's claims enjoy no

evidentiary support. In fact, all of the evidence bespeaks extreme deference to her

Spanish tongue and ignorance of the law.

Trevino enjoyed the services of a proficiently bilingual attorney. Trevino had

all relevant documents translated into Spanish for her consideration and review.

At every single court hearing she had the services of a personal interpreter. The

court accommodated her Spanish tongue at every turn and at great expense to the

court.

Her complaint regarding her victimization on the basis of her ignorance of

the law is equally unfounded.  In addition to enjoying the services of appointed

counsel, the process through which Trevino plead guilty and was sentenced is

designed to insure lay persons obtain practical yet meaningful understanding of

their rights and of the processes.  Trevino can point to nothing in the record in

support of her claim. She therefore fails to sustain this claim.

VIII.

CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that

Trevino's §2255 petition be dismissed, or in the alternative, subject to denial by

summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment was mailed via Certified Mail, Return-Receipt Requested to Rosa Idalia Trevino, 5701 8th Street, Camp Parks, Dublin, Ca. 94568 on this the 5 day of November, 2004.

MARK M. DOWD
Assistant U.S. Attorney

27