United States District Court
Southern District of Texas
ENTERED

NOV 1 8 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSA IDALIA TREVINO, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION B-04-129 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 26, 2004, Petitioner, Rosa Idalia Trevino (hereinafter "Trevino"), filed an untimely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255.[1] The Government has filed an Answer to Petitioner's complaint, along with a Motion for Dismissal, or in the alternative, a Motion for Summary Judgment.[2] For the reasons that follow, this Court recommends that the Government's Motion to Dismiss be **GRANTED** and Trevino's petition be **DENIED**.

### II. BACKGROUND

Trevino was charged by indictment in the Southern District of Texas, Brownsville Division, with conspiracy to possess with intent to distribute approximately 4 kilos of cocaine in violation of 21 U.S.C §846, §841(a)(1) & 841(b)(1)(B). She pleaded guilty on October 22, 2003 and the district court sentenced her to a term of 47 months imprisonment, followed by a 5 year supervised release term, and a $100 special assessment on March 26, 2003. The judgment was entered on April 16,

---

[1] Docket No. 1.

[2] Docket No. 5, 6, and 7.

2003. Thereafter, Trevino filed a notice of direct appeal which was dismissed on October 10, 2003 as untimely.[3] Trevino then filed this §2255 motion on July 20, 2004.

## III. ALLEGATIONS

Trevino claims that her constitutional rights were violated in several ways: (1) her counsel, Annabell Alegria, rendered ineffective assistance, (2) she signed an involuntary guilty plea, (3) her sentence violates the 8th Amendment, (4) the district court failed to consider "all relevant evidence" at the sentencing hearing, (5) district court's failure to downward departure, and (6) she was discriminated against because Spanish is her native language.

## IV. ANALYSIS

Trevino filed the instant petition on July 20, 2004. As such, her petition is subject to review under the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA") of 1996.[4] The AEDPA provides a one-year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C §2255 sets forth four ways to start the running of the one-year limitations period.

The limitations period shall run from the latest of -

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making

---

[3] April 26, 2003 is the expiration of ten days in which time Trevino could have sought an appeal. Fed. R.App. 4(b)(1)(A)("In a criminal case, defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Since Trevino filed her notice of direct appeal after the 10 days from the date her judgment was entered (April 16, 2003), her conviction became final on April 26, 2003, and her notice of direct appeal was untimely.

[4] Pub.L.No. 104-132, 110 Stat. 1214 (1996).

> a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[5]

Trevino's judgment was entered on April 16, 2003. Trevino's limitations period began to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[6] Trevino's conviction became final on April 26, 2003, the day on which she could have filed a notice of appeal. Trevino filed a notice of direct appeal on September 10, 2003. She was five months late. Her appeal was dismissed by the Fifth Circuit on October 10, 2003 as untimely.

Trevino had one year from April 26, 2003, to file a 28 U.S.C §2255 motion. Her petition was not filed until July 20, 2004, three months after the expiration of the limitations period. Trevino's petition should be dismissed as time-barred.

## V. **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that this case be **DISMISSED** as time-barred by the one-year limitations period. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[5] 28 U.S.C §2255.

[6] *Id.*

3

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 18th day of November, 2004.

John Wm. Black
United States Magistrate Judge